FRANK H. THOMAS and MARY H. THOMAS, his wife, *vs.* THE PENNSYLVANIA RAILROAD COMPANY.

*Case—Practice—Affidavit—Evidence in Possession of other Party —Order to Produce.*

Upon an application based on proper affidavit, the Court will grant an order directing that books and papers pertinent to the issue in the case, be filed in the office of the Prothonotary on a certain date, or their nonproduction accounted for.

(*December 15, 1899.*)

LORE, C. J., and SPRUANCE and GRUBB, J. J., sitting.

*Anthony Higgins* for plaintiffs.

*Herbert H. Ward* and *Andrew C. Gray* for defendant.

Superior Court, New Castle County, November Term, 1899.

FOREIGN ATTACHMENT CASE (No. 43, November Term, 1899).

*Mr. Higgins* filed the following affidavit and application :

"Be it remembered that on this, twenty-seventh day of November, A. D. 1899, before me Henry R. Draper a Notary Public for said State and County personally appears Frank H. Thomas and Mary H. Thomas, who being by me first duly sworn according to law, do depose and say that they are the plaintiffs in the above entitled cause; that the said action is brought by the plaintiffs to recover from the defendant the value of a certain car-load of pears of the value of three hundred dollars, which the defendant as a common carrier received from the plaintiff Mary H Thomas at Philadelphia, Pennsylvania, and agreed to deliver the same as the said plaintiff Mary H. Thomas might order ; that said car-load of pears was consigned to one M. J. Schabaker at Erie, Pennsylvania; that the said Mary H Thomas before the arrival of said car and its load of pears at Erie aforesaid notified and instructed the said defendant not to deliver the same to the said Schabaker, but that the said defendant notwithstanding said notice and instructions from the plaintiff and in violation thereof, negligently and wilfully did deliver said car-load of pears to the said Schabaker, by reason whereof the said car-load of pears was lost to the said plaintiff Mary H. Thomas ; that certain papers, instruments in writing, and books are in the possession and control of the said defendant, the contents of which are evidence for the plaintiff in this cause; and which will show *first,* that the said car-load of pears was received by the defendant for the purpose of carriage as aforesaid from Philadelphia aforesaid to Erie aforesaid ; *second,* the time that said car-load of pears arrived at the freight station of the defendant at Erie aforesaid, and the time when it was delivered by the defendant to the said Schabaker ;

*third,* that the defendant was notified by telegraph by the plaintiff Mary H. Thomas and also by N. B. Buckmaster, then the station agent of the Philadelphia, Wilmington and Baltimore Railroad Company at Wyoming, Delaware, not to deliver said car-load of pears to the said Schabaker; *fourth,* the time when the said telegrams of N. B. Buckmaster and Mary H. Thomas, respectively, were delivered to the defendant at Erie aforesaid. That the said evidence is contained, *first,* in the bill of lading, waybill, invoice and manifest, respectively, which accompanied and were a part of the said shipment of the said car-load of pears; *second,* in the books of the said defendant in which were entered memoranda of the facts as to said shipment set forth in the bill of lading, waybill, invoice and manifest aforesaid; *third,* in the books of the said defendant in which were entered the time of the arrival of said car containing said pears at Erie aforesaid, and the time when the said pears were delivered to the said Schabaker; *fourth,* in the said telegrams received as aforesaid by the defendant from the said N. B. Buckmaster and the said plaintiff Mary H. Thomas, respectively; *fifth,* in the books of the defendant showing the time when the said telegrams, respectively, were received, both in their written form and also by telephone; that the precise contents of the said papers, instruments in writing and books are unknown to said deponents or their counsel, except as to the telegram sent the defendant by the said Mary H. Thomas; that said papers, instruments of writing and books, and the contents thereof, contain evidence which is pertinent and material to the issues in this cause."

Counsel for the defendant opposed the granting of the application on the grounds, first, that the original bill of lading under ordinary custom would be delivered to the plaintiffs, and furthermore that the defendant had in its possession a letter from the plaintiffs stating that they had such original bill of lading; therefore there was no necessity for the production of said paper on the part of the defendant. That the books which the plaintiffs had asked defendant to produce were part of the defendant's case, and not per-

tinent to the case of the plaintiffs; that the latter must put in and prove their case without the production of said books. That under the rules for the production of papers in the Court of Chancery, they could not be produced. That the same objection also applied to the telegram received by the defendant from N. B. Buckmaster; that the telegram from Mary H. Thomas which the plaintiffs state was sent from Wyoming, Delaware, to the agent of the defendant at Erie, Pa., was sent by the Western Union Telegraph Company and that the original telegram is in existence, but is not in the possession of the defendant.

*Mr. Higgins* stated that this was an action against the shipper for the nondelivery of the car-load of pears; that the evidence sought was the original telegram received, the waybill, the invoice and manifest which accompanied the shipment and which are evidence of the fact that the defendant company received these pears; also the books which would show the date of the receipt of the car and the date of the receipt of the notice not to deliver the car, and the date when the car was delivered. That it is customary to fix a day when the parties should come in and make answer as to whether they would be able to produce the papers or not. That no affidavit had been brought in and filed in the Prothonotary's office that the books and papers were not in the possession of the other side; and no allegation had been made that the books and papers were not in their possesion, but a sort of general exception to the application on the ground of insufficiency.

LORE, C. J.:—In our opinion all of these books and papers asked for should be produced, other than the bill of lading which is abandoned. We make the order that the defendant file the same in the office of the Prothonotary on January 3rd, 1900, or account for their nonproduction. We have not the slightest doubt as to the propriety of this order; what will be its effect probably will come up hereafter, but these papers are pertinent to the issue.