CHARLES Y. FOX and GEORGE G. SANBORNE, trading and doing business as a co-partnership, under the firm, name and style of GITHENS, REXSAMER & COMPANY, *vs.* JOSHUA W. DERRICKSON and FRANK MARTIN, trading and doing business as a co-partnership, under the name, firm and style of DERRICKSON & MARTIN.

1.  DISCOVERY—PRODUCTION OF WRITINGS—APPLICATION—SHOWING NECESSITY FOR PRODUCTION.
    Where application is made for order requiring adverse party to produce books or writings pertinent to the issue, under *Rev. Code* 1915, § 4228, it must appear from application that documents sought contain material evidence pertinent to issue.

2.  DISCOVERY—PRODUCTION OF WRITINGS—RIGHT TO INSPECTION—MATERIALITY.
    Under *Rev. Code* 1915, § 4228, providing that court, upon application of party to an action, may order production of writings or books in possession of adverse party, papers and books will be ordered whenever court can fairly suppose facts disclosed by them can be in any way material to cause of action or defense; it being unnecessary that such facts shall in themselves constitute cause of action.

*(July 5, 1918.)*

PENNEWILL, C. J., and BOYCE, J., sitting.
*W. Watson Harrington* for plaintiff.
*Henry Ridgely* and *Arley B. Magee* for defendant.
Superior Court, Kent County, July Term, 1918.

SUMMONS CASE, No. 27, April Term, 1917.
Action by Charles Y. Fox and another, trading and doing business as a copartnership under firm name and style of Githens, Rexsamer & Co., against Joshua W. Derrickson and another, trading and doing business as a copartnership under the name, firm and style of Derrickson & Martin. On motion by plaintiffs for the production and inspection before trial of certain books and writings in possession and control of defendants. Order made for production of all the books and writings asked for, except invoices.

On written motion of counsel for plaintiffs, supported by his affidavit, after due notice, for the production and inspection, before trial, of certain books and writings in the possession and control of defendants. Motion granted and order made.

The statute under which the application was made provides:

"At any time during the pendency of actions at law, the court, on motion and due notice thereof, may order a party to produce books or writings in his possession or control, which contain evidence pertinent to the issue, under circumstances in which the production of the same might be compelled by a court of chancery. * * * " *Rev. Code* 1915, § 4228.

The method of procedure asked for conformed to the requirement of the statute and practice of the court.

The books and writings sought are those kept by the defendants in their business as packers of tomatoes, viz. those (1) showing the number of cases, or the number of cans of tomatoes packed in the year 1916, at their factories at Little Creek and Woodside, Del., and of each of them, and the size of cans in which they were packed; (2) showing the number of cases, or the number of cans of tomatoes of the pack of 1916 that they contracted to sell, and did sell, to any person, firm or corporation, on contracts made prior to the beginning of the packing season of the year 1916, and the date of such contracts and the number of cases or cans, and the size of cans in which they were packed, covered by each of them; (3) showing the number of cases, or the number of cans of tomatoes of the pack of 1916, sold by them, which were not covered by contracts of sale made prior to the beginning of the canning season of the year 1916, the date of any such sales, and the number of cases or cans, and the size of the cans, covered by each sale; (4) showing the number of cases or the number and size of cans of tomatoes packed by the defendants in the year 1916, in excess of those which they had contracted to sell by contracts made subsequent to June 1, 1916; (5) showing the number of baskets and cars of raw tomatoes shipped by them to Snyder & Co., Greenwood, Del., and the Atlantic Canning Company, at Rehoboth, Del., in the months of August, September, October and November of 1916; and (6) the bills of lading and invoices or copies thereof, for any tomatoes of the pack of 1916, sold or shipped in the year 1916, or the year 1917.

Counsel for defendants, in opposing the application, contended that books or writings which may be ordered produced under the statute are those "which contain evidence pertinent to

the issue"; that is, such as are evidential, and not those which may furnish a clew to evidence, or may merely enable a party to find out whether he has a cause of action. *Falco v. N. Y. ,N. H. & H. R. Co.*, 161 *App. Div.* 735, 146 *N. Y. Supp.* 1024; *Walsh v. Press Co.*, 48 *App. Div.* 333, 62 *N. Y. Supp.* 833; *Brownell v. Nat. Bk.*, 20 *Hun* (*N. Y.*) 517.

It was objected that the books and writings desired for inspection are not concerning transactions between the parties, but between the defendants and third persons, and are not such as would be admissible in evidence at the trial; also that the application overlooks the fact that it is the powers of chancery as to the production of books and writings only that is contemplated by the statute, and that from the nature of the pending action the books and writings sought do not come within the circumstances under which a court of chancery would compel their production. 1 *Pom. Eq. Jur.* § 142; *Eschbach v. Lightner*, 31 *Md.* 528.

Counsel for the plaintiffs, in reply, insisted:

That the books and writings asked for contain evidence pertinent to the issue, and especially so since the action is for breach of contracts for the delivery of canned tomatoes, containing clauses under which evidence may be introduced in defense, viz.:

"Subject to conditions beyond our control." "Provided we are able to pack."

That although some of the books and writings relate to transactions with third persons, they tend to show shipments by the defendants of both raw and canned tomatoes to other persons than the plaintiffs during the period covered by the contracts.

That equity will grant discovery where the evidence asked to be discovered is to be used in an action at law; if it be in any way material to the issue. 1 *Pom. Eq. Jur.* §§ 191, 192, 195, and 197; *Peck v. Ashley*, 12 *Metc.* (*Mass.*) 478; *Arnold v. Pawtuxet Valley Water Co.*, 18 *R. I.* 189, 26 *Atl.* 55, 19 *L. R. A.* 602; *Faircloth v. Jordan*, 15 *Ga.* 511.

That the right of discovery of documents is as extensive as the right to discovery by oral testimony. *Reynolds v. Fibre Co.*, (71 *N. H.* 332, 51 *Atl.* 1075, 57 *L. R. A.* 949, '93 *Am, St. Rep.* 535.

That the right afforded by the statute extends to all books

and papers relating to the merits of the action or defense. *Townsend v. Lawrence*, 9 *Wend.* (*N. Y.*) 458; *Peck v. Ashley, supra; Lawrence v. Ocean Ins. Co.*, 11 *Johns.* (*N. Y.*) 245; *Williams Mower, etc., Co., v. Raynor*, 38 *Wis.* 132.

BOYCE, J., delivering the opinion of the court:

This is an action by the plaintiffs against the defendants to recover damages for alleged breach of contracts, entered into between the parties in the year 1916, for the sale and delivery of canned tomatoes.

[1] The application now before the court is for the production and inspection of certain books and writings before the trial, after declaration and pleas filed. Books or writings that may be ordered produced under the statute are those "which contain evidence pertinent to the issue." The statute and procedure thereunder contemplate evidence, and the fact that the documents sought contain material evidence pertinent to the issue must sufficiently appear so that the court may understand the necessity for their production.

The statute cannot be used, as it has been said for the purpose of "a fishing examination"; for such a purpose is altogether outside of the scope of the statute, so that the inquiry must be, does the application sufficiently show that the books and writings asked for contain evidence pertinent to the issue between the parties to the action? The contracts of sale averred in the declaration contain these, or similar, clauses, viz.:

"Subject to conditions beyond our [defendants'] control." "Provided we [defendants] are able to pack."

Obviously these provisions reserved by the defendants were for their protection, that is, they were intended to safeguard them against unforseen casualties or happenings that might prevent their packing the quantity of tomatoes which they contracted to deliver to the plaintiffs.

[2] It seems to the court, after a careful consideration of this application, that while the books and writings asked for may not be pertinent in the first instance to support the plaintiffs' cause of action, they do contain evidence material to the merits

of the case. It is only necessary within the purview of the statute the same as in a bill for discovery of evidence, that the evidence to be produced may in any way be pertinent and material in support of plaintiffs' right of recovery. If for any purpose the evidence sought may be introduced at the trial that is sufficient to require its production. In an application of this kind, the statute does not confine a party to evidence contained in books and papers, in itself constituting the cause of action, but it embraces all documents relating to the merits of the case. Indeed production of books and papers will be ordered whenever the court can fairly suppose that facts disclosed by them can be in any way material to the cause of action or defense. 1 *Pom. Eq. Jur.* § 191; *Thomas et al. v. P. R. R. Co.*, 2 *Pennewill (Del.)* 411, 47 *Atl.* 380. Except as to the invoices which are not presumed to be in the possession of the defendants, sufficient is shown, we think, to enable the court to fairly understand the necessity for the books and writings sought, as containing evidence pertinent and material to the merits of plaintiffs' action.

An order will be made for the production of all the books and writings asked for, except the invoices.